5 F.3d 1506
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Sigrun R. MUNNS, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 93-3109.
 United States Court of Appeals, Federal Circuit.
 Aug. 19, 1993.
 
 Before NIES, Chief Judge, RADER, and SCHALL, Circuit Judges.
 SCHALL, Circuit Judge.
 
 
 1
 Petitioner, Sigrun R. Munns, seeks review of the final decision of the Merit Systems Protection Board (Board) in Docket No. DC0831920427-I-1, affirming the decision of the Office of Personnel Management (OPM) that Ms. Munns is not entitled to survivor annuity benefits under the Civil Service Retirement Spouse Equity Act of 1984, Pub.L. No. 98-615, 98 Stat. 3195 (codified as amended in scattered sections of 5 U.S.C.) (CSRSEA). We affirm.
 
 DISCUSSION
 
 2
 * Petitioner's late husband retired from federal service on June 29, 1973. He was unmarried at the time and elected a retirement annuity without survivor benefits. Mr. Munns married petitioner on June 5, 1975, and they remained married until his death in May of 1992.
 
 
 3
 In a January 21, 1992 letter to OPM, Mr. Munns first requested that survivor benefits be provided for his wife. On February 25, 1992, OPM denied the request because the requisite election had not been made within one year of the Munns' marriage. Following a request for reconsideration, OPM affirmed its initial decision that Mr. Munns' request to elect an annuity with survivor benefits was untimely filed. Mr. Munns appealed to the Board.
 
 
 4
 Before the Board, petitioner argued that the employing agency had misled Mr. Munns by suggesting that his initial election of retirement benefits was irrevocable. More specifically, petitioner argued that the retirement application, Standard Form (SF) 2801, which stated that "[n]o change will be permitted after an annuity has been granted," omitted any provision notifying Mr. Munns of his right to elect a survivor annuity within one year of a post-retirement marriage.
 
 
 5
 In an initial decision sustaining OPM's decision, the administrative judge found that Mr. Munns' attempted election was untimely, that OPM had no discretionary authority to waive the filing deadline, and that OPM's failure to notify Mr. Munns via SF 2801 of his post-retirement election right was insufficient grounds to waive the filing deadline. The full Board denied a petition for review, and this appeal followed.
 
 II
 
 6
 Petitioner's right to a survivor annuity is governed by the statute in effect at the time of her marriage to Mr. Munns. Under the statute,
 
 
 7
 [i]f an annuitant--
 
 
 8
 * * *
 
 
 9
 (B) who elected a reduced annuity provided in paragraph (2) of section 8339(k) of this title;
 
 
 10
 dies and is survived by a widow ... [the widow] is entitled to an annuity in an amount which would have been paid had the annuitant been married to the widow ... at the time of retirement.
 
 
 11
 5 U.S.C. Sec. 8341(b)(2) (1982). At the time of petitioner's marriage to Mr. Munns, section 8339(k)(2) provided in pertinent part that
 
 
 12
 [a]n employee or Member, who is unmarried at the time of retiring under a provision of law which permits election of a reduced annuity with a survivor annuity payable to his spouse and who later marries, may irrevocably elect, in a signed writing received in [OPM] within 1 year after he marries, a reduction in his current annuity.
 
 
 13
 5 U.S.C. Sec. 8339(k)(2) (1982).
 
 
 14
 Having admittedly failed to meet the one year statutory filing deadline, petitioner argues, as she did before the Board, that the deadline should be waived in her case, because SF 2801 wrongly misled her husband into thinking that his original election was irrevocable.
 
 
 15
 Accepting all of petitioner's factual assertions as true, we are still unable to grant her the relief she requests. We have carefully considered all of petitioner's arguments to the contrary, but we nevertheless find Office of Personnel Management v. Richmond, 496 U.S. 414 (1990), to be directly on point in refusing 93-3109 to recognize an estoppel. Petitioner would distinguish the misleading "official form" in the present case from the erroneous oral and written advice given by a single government employee in Richmond. However, we read Richmond to broadly proscribe equitable claims on the Public Treasury which do not meet the requirements of the statute authorizing their appropriation.
 
 
 16
 Our holding in this case is consistent with the principles enunciated in Killip v. Office of Personnel Management, 991 F.2d 1564, 1569-70 (Fed.Cir.1992). OPM is bound by the express requirements of statute as much as petitioner is bound. When Congress changed the law in 1971 to provided for post-retirement election of a survivor annuity it required that such an election be made within one year of marriage. See, Pub.L. No. 91-658, 84 Stat. 1961 (1971). OPM may not intentionally or accidentally waive this requirement.
 
 
 17
 Finally, we note that beginning in 1978 federal retirees received annual notice of their election rights and the time limits for exercising those rights. See, Pub.L. No. 95-317, 92 Stat. 382 (1978); Murtha v. Office of Personnel Management, 19 M.S.P.R. 411, 413 (1984). In 1984, with the passage of CSRSEA, retirees in Mr. Munns' position were given a "second chance" to change the form of their retirement annuity, provided certain conditions were met. See, Pub.L. No. 98-615, 98 Stat. 3195 (1984); 5 C.F.R. Sec. 831.623(a)(1)(ii) (1985). Had Mr. Munns recognized his election right as stated in the post-1978 notices, and had he attempted to change the form of his annuity at any time prior to 1984, the CSRSEA could have provided the relief petitioner now seeks if Mr. Munns had submitted a timely application under that statute.